inute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6311 | DATE | 9/3/2003 |
| CASE TITLE | USA, ex rel: KAREN CERICOLA vs. BEN FRANKLIN BANK | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' motion to compel is granted in part and denied in part. Relator is ordered to provide the Court with its proposed disclosure statement containing those facts which the Relator proposes be redacted consistent with the findings on or before September 12, 2003.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | 117 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 SEP -3 PM 1:05 | | |
| LG | courtroom deputy's initials | FILED FOR DOCKETING Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
SEP 0 4 2003

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, ) | |
| KAREN CERICOLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 C 6311 |
| ) | |
| BEN FRANKLIN BANK, ROBERT E. DECELLES, ) | Judge John W. Darrah |
| ESTATE OF JOSEPH J. GASIOR, CHARLES E. ) | |
| SCHUETZ, JOSEPH A. NOWICKI, THOMAS J. ) | |
| NOWICKI, DR. EDWARD J. LUZWICK, and ) | |
| BERNADINE DZIEDZIC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, United States of America *ex rel.* Karen Cericola ("Relator"), filed this action on behalf of herself and the United States under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b). Relator's Third Amended Complaint alleges violations of the False Claims Act ("FCA)", 31 U.S.C. § 3729(a)(1), (2) and § 3730 (h); violation of the Financial Institution Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1831; and intentional infliction of emotional distress. Presently pending before the Court is Defendants' Motion to Compel.

Defendants seek three documents that Relator has withheld on the grounds of privilege. The documents include: (1) the disclosure statement authored by Relator's counsel on June 15, 2000, and which Relator provided solely to the Attorney General and the Office of the United States Attorney; (2) a 31-page memorandum dated December 3, 2001, authored by Relator's counsel and which Relator provided solely to the Office of the United States Attorney;

and (3) a 21-page memorandum dated January 28, 2002, authored by Relator's counsel which she provided solely to the Office of the United States Attorney. Relator contends that all of the documents are work-product privileged documents.

Federal Rule of Civil Procedure 26(b)(3) states in relevant part:

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney ...) Only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Accordingly, if a party demonstrates that materials in its possession that would otherwise be discoverable were prepared in anticipation of litigation, the materials are considered work product and become subject to a qualified privilege from discovery. The qualified privilege may only be overcome if the party seeking discovery demonstrates a substantial need for the materials and that it would suffer undue hardship in procuring the requested information in some other way. *See Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976 (7th Cir. 1996) (*Logan*). Rule 26(b)(3) "expressly admonishes courts to give even greater protection against disclosure of opinion work product, meaning 'the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.'" *Logan*, 96 F.3d at 976 n. 4. While "ordinary" work product is discoverable where there is substantial need, "opinion" work product is protected from disclosure even in the face of undue hardship. "Opinion" work product includes documents revealing mental impressions, opinions, conclusions, or legal theories. *See Minnesota Sch. Boards Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183

F.R.D. 627, 630 (N.D. Ill. 1999) (*Minnesota*).

A party may waive the work product privilege by disclosing the information to a third party. *See Minnesota*, 183 F.R.D. at 631. However, a waiver only occurs if the disclosure is inconsistent with the maintenance of secrecy from the disclosure of the information from the party's adversary. *See Minnesota*, 183 F.R.D. at 631. Accordingly, the disclosure of information to the government in *qui tam* actions under the FCA have not been found to constitute a waiver of the work product privilege. *See Wsol v. Fiduciary Mgmt. Assoc., Inc.*, 1999 WL 1129100 (N.D. Ill. Dec. 7, 1999) (*Wsol*); *United States v. TRW Inc.*, 212 F.R.D. 554, 560-61 (C.D. Cal. 2003) (*TRW*); *United States v. DeNardi Corp.*, 167 F.R.D. 680, 686 (S.D. Cal. 1996) (*DeNardi*).

*Disclosure Statement*

The FCA prohibits the knowing presentation of a false claim for payment to an officer or employee of the government. *See* 31 U.S.C. § 3729(a). The FCA authorizes a person, the relator, to file a civil action on behalf of the person and the government. *See* 31 U.S.C. § 3730(b)(1). The FCA requires that the person bringing the lawsuit serve upon the government a "written description of substantially all material evidence and information the person possesses" along with a copy of the complaint. 31 U.S.C. § 3730(b)(2).

The FCA is silent as to if the written disclosure is protected from discovery and the courts have refused to create an absolute privilege protecting the written disclosure from discovery. *See, e.g., United States v. McDonnell Douglas Corp.*, 918 F. Supp. 1338, 1345-46 (E.D. Mo. 1996) (*McDonnell*); *United States v. A.D. Roe Co.*, 904 F. Supp. 592, 593-94 (W.D. Ky. 1995)(*A.D. Roe*); *United States v. Rockwell Int'l Corp.*, 144 F.R.D. 396, 398 (D. Co. 1992) (*Rockwell*). However, the courts have found that written disclosure may be protected by the

3

work-product doctrine. *See, e.g., TRW*, 212 F.R.D. at 559-61; *McDonnell*, 918 F. Supp. at 1346; *United States v. Northrop*, 824 F. Supp. 830, 838-39 (N.D. Ill. 1993) (*Northrop*); *Rockwell*, 144 F.R.D. at 400-01. The majority of these courts have ruled that a defendant is entitled to obtain the disclosure statements that do not reveal the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. In other words, ordinary work product is discoverable if the defendant can demonstrate substantial need of the materials without undue hardship to obtain the substantial equivalent of the materials by other means. However, opinion work product included in the disclosure statement is not discoverable. *See, e.g., McDonnell*, 918 F. Supp. at 1346; *A.D. Roe*, 904 F. Supp. at 594; *Northrop*, 838; *Grand v. Northrop*, 811 F. Supp. 333, 337 (S.D. Ohio 1992); *Rockwell*, 144 F.R.D. at 401. Generally, the court redacts the opinion work product from the written disclosure statement. *See, e.g., Northrop*, 838.

However, at least one court found that the entire disclosure statement was not discoverable as opinion work product because the relator and his or her counsel must engage in a process of selecting and winnowing from the totality of information known to the relator only those facts and evidence that are material to the relator's claims. Therefore, the factual narratives revealed the mental impressions, conclusions, opinions, or legal theories of the relator and his or her counsel. *See TRW*, 212 F.R.D. at 564. This conclusion sweeps broadly and assumes that the factual narrative contains mental impressions, conclusions, opinions, or legal theories of the relator and his or her counsel without an *in camera* review of the disputed document. Accordingly, the more prudent means of determining if the disclosure statement, in whole or in part, is discoverable is by reviewing the disputed document *in camera* to determine what

materials may be discoverable as ordinary work product as followed by the majority of courts that have addressed this issue.

Relator has provided the disclosure statement for *in camera* review. A review of the disclosure statement discloses that the statement includes both ordinary work product and opinion work product. As discussed above, the opinion work product is not discoverable. However, the ordinary work product is discoverable if the defendants have a substantial need for the disclosure statement, and they would suffer undue hardship in procuring the requested information some other way.

Defendants contend that they have a substantial need for the disclosure statement because Relator alleges in her complaint that she is the "original source" of the allegations upon which the case is based. Defendants seek to compare the facts revealed by the Relator as the original source and facts that were available to the public via Defendants' Public Housing and Urban Development disclosures. Such information has been held to constitute a substantial need. *See Rockwell*, 144 F.R.D. at 401 (production of disclosure statement was required so that the defendant could compare "between the facts purportedly revealed by the plaintiff as an original source and facts which may have previously been available for public consumption"); *see also, A.D. Roe*, 904 F. Supp. at 594 (defendant's need for the disclosure statement is great, and no equivalent could be obtained by other means – "nowhere else can Defendant obtain a more detailed summary of its alleged wrongdoing"). Furthermore, this information could not be obtained by other means. Accordingly, the Court finds that the Defendants are entitled to those facts set forth in the disclosure statement that constitute ordinary work product and are not further protected from discovery as discussed below.

Relator also argues that certain information included in the disclosure statement remains under seal because such allegations are being investigated by the United States Attorney for the Central District of California. A review of the disclosure statement and the previous sealed orders of the court supports Relator's argument. Accordingly, those facts contained in the disclosure statement that are implicated by the court's seal shall also be redacted.

Based on the above, Relator is ordered to provide the Court with its proposed disclosure statement containing those facts which the Relator proposes be redacted consistent with the above findings on or before September 12, 2003. Relator's submission should not contain argument or explanation as to what parts of the document should be redacted.

*Additional Memorandum Provided to the United States Attorney*

Relator also provided the United States Attorney two memoranda concerning, at least in part, the allegations against the Defendants. The *in camera* review of these memoranda discloses that they constitute opinion work product and are protected from discovery. Relator's sharing of such information with the government did not constitute a waiver of the privilege for the reasons set out above.

For the reasons stated above, Defendants' Motion to Compel is granted in part and denied in part. Relator is ordered to provide the Court with its proposed disclosure statement containing those facts which the Relator proposes be redacted consistent with the above findings on or before September 12, 2003.

Dated: September 3, 2003

JOHN W. DARRAH
United States District Judge